■ HERBERT LEVINE et al., Respondents, v MARION FINE et al., Appellants, et al., Defendants. — In action pursuant to RPAPL article 15, *inter alia,* to set aside a tax deed, Marion Fine and Sylvia Katzman appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated December 1, 1982, made on Marion Fine, Sylvia Katzman and Morris Weinstein's motion to vacate a stay of enforcement of a resettled judgment of the same court, dated November 3, 1978, and on plaintiff Herbert Levine's cross motion to further resettle the resettled judgment dated November 3, 1978.

Order reversed, on the law, without costs or disbursements, and case remitted to Special Term for entry of an appropriate order in accordance herewith.

The order appealed from was made as a result of a motion and cross motion by the parties. Appellants' motion was to vacate a stay of enforcement of a resettled judgment dated November 3, 1978. The order fails to decide that motion. Herbert Levine's cross motion was to further resettle that resettled judgment in various specified respects. The affidavits submitted on the cross motion are complex, containing various suggestions (including alternate proposals) for disposition of the various issues raised by the cross motion.

Although it appears to have been the intent of Special Term, *inter alia,* to recast in the manner requested by the cross movant the mechanics by which plaintiffs' $17,780.38 obligation to Sylvia Katzman and Marion Fine is to be paid, a recasting that appears necessary to accomplish justice on the facts of this case, Special Term's disposition of the matters raised by the cross motion, and the manner in which the resettled judgment dated November 3, 1978 is resettled, are unclear, imprecise and reflect what appear to be typographical errors.

In the latter category is the fact that the order appealed from directed payment by the county treasurer to Marion Fine and "Sylvia Fine" instead of "Sylvia Katzman", there being no "Sylvia Fine" in this case. Similarly, the order has interest payable *"to* plaintiff Herbert Levine" (emphasis supplied), and does not mention the principal amount on which such interest is to be calculated. It would appear that the intent of the court was to direct the payment of interest by Herbert Levine, *to* defendants Marion Fine and Sylvia Katzman, on the sum of $7,377.01, at the statutory rate (CPLR 5004), and that Marion Fine and Sylvia Katzman receive the remaining $10,403.37 of the $17,780.38 obligation, from the county treasurer.

The imprecision of the order appealed from requires that it be reversed and the matter remitted to Special Term for entry of an

appropriate order. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.